May it please the Court, Karen Van Essen on behalf of Appellant Deepak Vohra, I would like to reserve two minutes for rebuttal if I may. Certainly. There are three reasons why summary judgment should not have been granted against Mr. Vohra's Section 1983 case. First, the order granting summary judgment against Mr. Vohra on his Fourth Amendment claims relied explicitly on a misstatement. This misstatement is this, that Lt. Pascarella followed Mr. Vohra with the police car lights and siren activated for almost a mile, or .9 miles. The order characterized this as a substantial period of time. However, it is clear from the record that this is a misstatement. First, there is no supporting. So your best evidence is that on the tape, the audio of the siren is not heard until the corner of rows. Is that right? That's correct, Your Honor. The audio is explicit at the first part of the call that Lt. Pascarella calls in, recites Mr. Vohra's license plate number, recites Miller and Orange Thrope. The dispatch responds back, there's no siren that's heard for the first part of the audio. The next part of the audio, Lt. Pascarella is saying that he's calling in a failure to yield approaching Orange Thrope and Rose, which is the corner where Mr. Vohra pulled over into the 7-Eleven. And at that point, the siren can be heard. Is this a continuous audio? Can you tell whether the audio is on continuously, or is that every time he calls into dispatch, then it triggers an audio? Well, the audio recording, you can hear Lt. Pascarella call into dispatch, so you can hear what's coming from the car. Then you hear dispatch responding back on the audio, so you can't hear from what I can tell from the tape what is happening in the car. Lt. Pascarella then calls back in to call in the failure to yield, and at that point, you can hear the siren in the car. So it's an audio recording from the perspective of dispatch. But it's not only the audio recording that indicates that Lt. Pascarella did not follow Mr. Vohra for almost a mile with his lights and sirens activated. Lt. Pascarella's own declaration conceived that he was east of the intersection of Orange Thrope and Miller before he activated his siren. As you recall from the record, Orange Thrope is intersected by Orange Thrope and Thames Street, then it's intersected by Miller, then it's intersected by Chapman, and then it's intersected by Rose. So Orange Thrope and Miller, if he was east of that, means that he was east of Orange Thrope and Thames Street, which is the location that was used to calculate the .9 mile distance. In addition to which, Mr. Vohra's testimony is clear. He filed a verified complaint, he filed a declaration, and he was deposed. And in all of those statements and all of his testimony, he testified that he was at the intersection of Orange Thrope and Rose before there were lights and a siren that was behind his vehicle. Is this the declaration that the magistrate struck as sham? Your Honor, the magistrate judge did find part of the declaration to be a sham. So stepping back for just a second, again, Mr. Vohra had a verified complaint and deposition testimony where he was clear that he was at Orange Thrope and Rose before he heard the lights and siren or before they were behind him. In terms of the declaration, the magistrate court found that a portion of it was a sham where Mr. Vohra said in his declaration that he was an alert driver. What is a sham rule? It's got to be a direct conflict? Flatly contradicts, I think, is one of the tests. Right, and created for the purposes of avoiding summary judgment in this case. What did the magistrate judge find or conclude in this case exactly was sham? Between what and what? What two statements? Right. So as I understand it, what the magistrate judge did, and we contend that this is error, is that the magistrate judge credited Lieutenant Pascarella's statement or credited that, you know, Mr. Vohra was not aware of lights and siren being behind him until Orange Thrope and Rose. So maybe it's... But what did he say were the flat contradictions between your client's declaration and his testimony in deposition? What was flatly contradictory? According to the magistrate... Mr. Vohra said in his declaration that he was not aware of the lights and siren and he's an alert driver and he would have been aware if they were there. So the magistrate said what he... Okay, just a minute now. Now, what was in the deposition that contradicted that? In the deposition testimony, and again, I don't... Our contention is there isn't... No, no. What did the magistrate say flatly contradicted it? That's not how I'd answer. We're just asking you what the magistrate judge said, that's all. Right. And as I understand what the magistrate judge was saying was contradicted is... Not what you understand. What did the magistrate judge say in his order? I'll just pull up the order. Yes, fine. Good. That's a good way to proceed there. So the sham deposition... Which order is this? So this is the third order, which is at ER 96, beginning at the bottom of page five of the order of the report and recommendation, and it's in footnote one. Okay. So what he indicates here is the plaintiff's deposition testimony was clear, that he first noticed Pascarell's presence, including the officer's vehicles, lights, and siren at the intersection of Orange Slope and Rose, whereupon plaintiff promptly pulled over. Yet plaintiff's declaration submitted with his opposition contradicts this live testimony. Whereas he testified in his deposition that he was not aware of Pascarell's presence until Orange Slope and Rose, plaintiff tardily states in his declaration that he is an alert driver and as such would observe and be aware of all vehicular activity, especially a marked police vehicle. All right. Now what about that is mistaken or wrong? So what is mistaken and wrong about this is that the magistrate court is assuming that there wasn't a police vehicle that was there. So then, and Mr. Vora testified that there wasn't a police vehicle. This tardily stating that he's an alert driver and would have been aware and observed is what he's saying is a contradiction where Mr. Vora didn't state whether he was alert or, you know, an alert or aware of all vehicular activity. He stated he didn't see a police vehicle with lights and sirens before. So reading Mr. Vora's testimony is consistent. He did not observe any lights or a siren. The error is in assuming that there was no lights or siren or that there was lights and siren and that Mr. Vora did not see it because he wasn't observant in some way. The inference should be drawn in Mr. Vora's favorite summary judgment that the reason he did not observe lights and a siren is because they were not on. Okay. Go ahead with your argument. Okay. So that is the second reason that, so that leads us to the second reason why summary judgment should not have been granted in this case related to Mr. Vora's Fourth Amendment claim. The second reason for this is Mr. Vora was quite clear in all of his testimony that Lieutenant Pascarella did not have his police vehicle in a place at the location of Orange Throat and Kramer where Lieutenant Pascarella said he observed that Mr. Vora's vehicle lacked a front license plate. Can you clarify your false arrest claim? Is it based on this claim of false arrest for evading an officer, or is it also based on the citation for not having a front license plate? The position is that there was no probable cause for lack of a front license plate or for evading an officer. Therefore, Mr. Vora should not have been arrested at all. And I'm actually out of time. Because that's really a false detention claim, right? Had he only been guilty of not having a front license plate, he couldn't have been arrested for that. It's a citable infraction, but he couldn't have been arrested for that. Well, I guess the answer is at this point he was arrested and he was cited for false, or he was cited for evasion. So, you know, to the extent that the government claims that there was probable cause that he was evading, they're saying that they were justified in arresting him. All right. Thank you, Counsel. We've let you go over already, but we'll give you your time for rebuttal. All right. Thank you, Your Honor. Good morning. May it please the Court. Allen Christensen, representing the defendant, appellees City of Placentia, Richard Pasquarella, and James Anderson. I think this case has taken on an appearance of something more complicated than what it really is. What this really is is a matter of whether or not there was probable cause or arguable probable cause to arrest the appellant, Deepak Vohra, on October 16, 2010. Now, I want to address something that was brought up just briefly regarding the conflicting testimony and what Mr. Vohra did and did not see. Mr. Vohra testified at deposition that he didn't know whether or not there was a police officer behind him. That was, I think, the problem. If you refer to his deposition testimony, which is at Supplemental Excerpts of Record 204, pages... Well, is there a question of fact that would preclude summary judgment on when the officer activated the siren, which would be one of the elements of evading? I don't think it would be, only because the siren isn't necessary for an evading claim. It's... The code is whether or not the siren is reasonably necessary. I don't have the exact language in front of me. But it's not a requirement. All that's required is that there be a police vehicle, a marked police vehicle, a uniformed officer, and the lights and a steady light, which is everything that was had. Now, there has been a misinterpretation of what Officer Pasquarello's declaration states. And in his declaration, he states that he first activated his lights when he believed that Mr. Vohra... He had a reasonable belief that Mr. Vohra knew he was there. When Mr. Vohra continued to accelerate and move away from Officer Pasquarello, at that time he activated his siren. And Mr. Vohra... What are the undisputed facts as to, you know, when it became necessary to activate the... reasonably necessary to activate the siren? I don't know that to be... Well, in other words, one of the elements is that the vehicle is sounding the siren as may be reasonably necessary, right? That's correct. All right, so is there any testimony on when it became reasonably necessary to activate the siren? I think the testimony goes from Officer Pasquarello's declaration. What is that testimony? When did he say it was reasonably necessary? I can get you the testimony. And this is excerpts of record, supplemental excerpts of record, page 255, as Officer Pasquarello's declaration. And Pasquarello states that on page 257 that Vohra had stopped in the middle of the street, leaned out of his open driver's side window and began shaking his fist and yelling at the officer. So that is reasonable for the officer to assume that Mr. Vohra knows that he's there. In paragraph 9, he states that as Vohra accelerated, he pulled behind Vohra and activated his overhead red and blue lights. And when Vohra did not immediately pull over and began to accelerate up to 55 to 60 miles an hour, I activated the unit's siren and remained directly behind Vohra. So I think at that point, it was reasonable for the officer to assume that Vohra had seen him shaking his hands and yelling out the window at him and continued to drive away. Rather than pulling over, he continued to drive away and moved, in fact, to the left side of the street rather than the right side of the street. Because that's all disputed testimony. I don't believe it is disputed because the... The court does not deny that he rolled down the window, shook his fist at him? He does deny that, Your Honor. Okay. However... So the story that the officer tells may be totally true, but it is not consistent with Vohra's testimony, that he did not see him, did not roll down the window and shake his fist or any of that. If you accept the officer's testimony, everything follows. If you don't accept it and you accepted Vohra's testimony, the officer's testimony couldn't be true. That's... In that particular instance with regard to yelling out the window and shaking his fist, I think that's correct. I think what's telling is that in Vohra's testimony, deposition testimony, at page 204, he states he doesn't know whether there's an officer behind him or not. He later attempts to change that testimony. But all he said later was that he's an observant person, an observant driver. That's correct. All right. That's hardly the kind of contradictory testimony, flatly contradictory, that justifies striking an affidavit, that he adds the fact that he's an observant driver. Well, I think there's other testimony that's a problem for Mr. Vohra, and in particular he's asked at supplemental excerpts 212, when he stopped at Orange Thorpe and Rose, was the police car directly behind you? He says yes. In his declaration at 354, he says when he was stopped at the light, he saw a police vehicle coming from afar at a high rate of speed with lights flashing. That contradicts that the officer was directly behind him. He also said he was directly behind him when he was stopped, but he doesn't say that the car didn't end up directly behind him. I think these are different issues, but. And I don't think that's what the magistrate relied on. It is not what the magistrate put in his ruling. No, it's not. The problem is that it seems to me that your argument draws every inference against him when, on summary judgment, every inference should be drawn in his favor, including inferences drawn from the officer's declaration too. Well, that may be true. However, the issue, I think, is that when you're looking at it from the officer's perspective, which is the arguable probable cause, the officer believed that Mr. Vohra had been evading him for some time. Mr. Vohra states that he never saw the officer until he approached Orange, Thorpe & Rose, at which time he immediately pulled over. Mr. Vohra goes on to say that in his deposition testimony that although he saw the lights behind him at Orange, Thorpe & Rose, he didn't know where the siren was coming from. He thought it could have been coming from somewhere else, which is a little, I mean. He pulled into the 7-Eleven parking lot. He immediately jumped out of his car, I fear to believe him. He was told to put his hands behind his back, and he was arrested. Now, as far as the officer's point of view, the officer saw him long before apparently Mr. Vohra saw the officer. The officer has no way of knowing that, but in his mind, he had the probable cause to arrest Mr. Vohra because of this evasion. I mean, despite whether or not Mr. Vohra didn't see the officer, didn't believe he shook his hands out the window and yelled, the officer still says, I saw Mr. Vohra, and I was behind him, and I turned on my lights and siren. Now, Vohra's testimony is he didn't know if there was an officer behind him. He later tried to alter that testimony and said, I'm a very alert driver. I knew that there were no officers around. And that's what the magistrate struck as a sham declaration. Okay.  Thank you, Your Honor. We'll give you one minute. Thank you, Your Honor. I would just quickly say, in response to the question related to what was required for a siren, Lieutenant Pascarella actually called in a failure to yield, in which the code explicitly requires the siren to be activated for that, in addition to which we have the audio recording, which shows almost a simultaneous calling in failure to yield at the time that the siren was turned on, which could lead to a dispute of fact as to whether there was sufficient time for Mr. Vohra to pull over before he's charged with fleeing or failure to yield or evasion. I would also just note, in terms of the testimony about Mr. Vohra's driving, that the district court did find that there was a dispute of fact as to whether Mr. Vohra drove erratically, so any issues related to whether he shook his fist out the window or not has already been found to be disputed fact. And finally, what the officer believed in this case, no reasonable officer could believe that there's probable cause under the facts of this case where there's a dispute as to whether he could actually observe the license plate or whether the siren was activated. Thank you. Thank you, counsel. Case just argued will be submitted.
judges: Reinhardt, Tashima, Nguyen